# PX 1
# UNFAIR LABOR PRACTICE CHARGE IN CASE 28-CA-266358

FORM NLRB-501
(2-18)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 28-CA-266358 | 9/18/2020 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | b. Tel. No. |
|---|---|
| Clark Welding and Fabricating | 702-678-5111 |
| | c. Cell No. |
| | f. Fax. No. |

| d. Address *(Street, city, state, and ZIP code)* | e. Employer Representative | g. e-mail |
|---|---|---|
| 3019 Sheridan Street<br>Las Vegas NV 89102 | Coltin and Austin Clark, Co-Owners | |
| | | h. Number of workers employed<br>15 |

| i. Type of Establishment *(factory, mine, wholesaler, etc.)* | j. Identify principal product or service |
|---|---|
| Bolier Contractor | Boiler services, metal fabrication, and welding |

The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (list subsections)   8(a)(3)   of the National Labor Relations Act, and thest unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

**2. Basis of the Charge** *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

On or about September 15, 2020 the above-referenced Employer, by and through its agents, officers, and representatives, unlawfully terminated known union supporter Michael Ralls because of his perceived union support and/or union activities.

**3. Full name of party filing charge** *(if labor organization, give full name, including local name and number)*
5 State Pipe Trades Association

| 4a. Address *(Street and number, city, state, and ZIP code)* | 4b. Tel. No.<br>(702) 883-9402 |
|---|---|
| 6350 Broadway<br>Denver CO 80216 | 4c. Cell No. |
| | 4d. Fax No. |
| | 4e. e-mail<br>mhill@uanet.org |

**5. Full name of national or international labor organization of which it is an affiliate or constituent unit** *(to be filled in when charge is filed by a labor organization)*
United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada

### 6. DECLARATION
I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

| *(signature of representative or person making charge)* | Kathleen Bichner, Attorney<br>*(Print/type name and title or office, if any)* | Tel. No.<br>267-255-5363 |
|---|---|---|
| | | Office, if any, Cell No.<br>Same |
| Address   O'Donoghue & O'Donoghue, LLP, 325 Chestnut Street,<br>Suite 600, Philadelphia, PA 19105   Date   9/17/20 | | Fax No. |
| | | e-mail<br>kbichner@odonoghuelaw.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

# PX 2
# FIRST AMENDED UNFAIR LABOR PRACTICE CHARGE IN CASE 28-CA-266358

Form NLRB - 501  (2-08)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**FIRST AMENDED CHARGE AGAINST EMPLOYER**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 28-CA-266358 | 10/06/2020 |

**INSTRUCTIONS:**
File an original of this charge with NLRB Regional Director in which the alleged unfair labor practice occurred or is occurring.

## 1.  EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | | b. Tel. No. |
|---|---|---|
| Clark Welding and Fabricating | | 702-678-5111 |
| | | c. Cell No. |

| d. Address (street, city, state ZIP code) | e. Employer Representative | f. Fax No. |
|---|---|---|
| 3019 Sheridan Street Las Vegas, NV 89102 | Coltin and Austin Clark, Co-Owners | |
| | | g. e-Mail |
| | | h. Dispute Location (City and State) Las Vegas, NV |

| i. Type of Establishment (factory, nursing home, hotel) boiler contractor | j. Principal Product or Service boiler services, metal fabrication, welding | k. Number of workers at dispute location +/- 15 |
|---|---|---|

l. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsection (1) and  (3) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Within the last six months, the above-named Employer by its officers, agents, and supervisors discriminated against employees, including employee Michael Ralls, by reducing his hours and discharging him because he engaged in union activity, and in order to discourage employees from engaging in protected activity.

By the above and other acts, including but not limited to, threatening employees, interrogating them about union activity, confiscating union literature, and telling employees it was illegal to speak with the Union, the Employer has interfered with, restrained, and coerced employees in the exercise of their rights guaranteed under Section 7 of the National Labor Relations Act.

| 3. Full name of party filing charge (if labor organization, give full name, including local name and number) | | |
|---|---|---|
| 5 State Pipe Trades Association | | |

| 4a. Address (street and number, city, state, and ZIP code) | 4b. Tel. No. |
|---|---|
| 6350 Broadway Denver CO 80216 | 702-883-9402 |
| | 4c. Cell No. |
| | 4d. Fax No. |
| | 4e. e-Mail mhill@uanet.org |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)

United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada

| 6.  DECLARATION I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | | Tel. No. 267-255-5363 |
|---|---|---|
| By: _(signature)_  (signature of representative or person making charge) | Kathleen Bichner, Attorney  Print Name and Title | Office, if any, Cell No. same |
| | | Fax No. |
| O'Donoghue & O'Donoghue, LLP, 325 Chestnut Street, Suite 600, Philadelphia PA 19105 | Date: 10/6/20 | e-Mail kbichner@odonoghuelaw.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses of the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

# PX 3 COMPLAINT AND NOTICE OF HEARING IN CASE 28-CA-266358

FORM NLRB 4338
(6-90)

**UNITED STATES GOVERNMENT**
**NATIONAL LABOR RELATIONS BOARD**
**NOTICE**

Case 28-CA-266358

The issuance of the notice of formal hearing in this case does not mean that the matter cannot be disposed of by agreement of the parties.  On the contrary, it is the policy of this office to encourage voluntary adjustments.  The examiner or attorney assigned to the case will be pleased to receive and to act promptly upon your suggestions or comments to this end.

An agreement between the parties, approved by the Regional Director, would serve to cancel the hearing.  However, unless otherwise specifically ordered, the hearing will be held at the date, hour, and place indicated.  Postponements **will not be granted** unless good and sufficient grounds are shown **and** the following requirements are met:

(1)  The request must be in writing. An original and two copies must be filed with the Regional Director when appropriate under 29 CFR 102.16(a) or with the Division of Judges when appropriate under 29 CFR 102.16(b).

(2)  Grounds must be set forth in **detail**;

(3)  Alternative dates for any rescheduled hearing must be given;

(4)  The positions of all other parties must be ascertained in advance by the requesting party and set forth in the request; and

(5)  Copies must be simultaneously served on all other parties (listed below), and that fact must be noted on the request.

Except under the most extreme conditions, no request for postponement will be granted during the three days immediately preceding the date of hearing.

Coltin Clark, Co-Owner
AJNC Industries LLC d/b/a
  Clark Welding & Fabricating
3019 Sheridan Street
Las Vegas, NV 89102
Email: coltin@clarkwf.com

Mr. Michael Ralls
5 States Pipe Trades Association
6350 Broadway
Denver, CO 80216
Email: mhill@uanet.org

Jeffrey Pitegoff, Attorney at Law
Pitegoff Law Office
7765 W. Rosada Way
Las Vegas, NV 89149
Email: jpitegoff@yandex.com

Kathleen Bichner, Attorney at Law
O'Donoghue & O'Donoghue, LLP
325 Chestnut Street, Suite 600
Philadelphia, PA 19106
Email: kbichner@odonoghuelaw.com

**UNITED STATES OF AMERICA**
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**
**REGION 28**

**AJNC INDUSTRIES LLC d/b/a CLARK**
**WELDING AND FABRICATING**

     **and**                                            **Case**     **28-CA-266358**

**5 STATE PIPE TRADES ASSOCIATION**

**COMPLAINT AND NOTICE OF HEARING**

       This Complaint and Notice of Hearing is based on a charge filed by 5 State Pipe Trades Association (the Union).  It is issued pursuant to Section 10(b) of the National Labor Relations Act (the Act), 29 U.S.C. § 151 et seq., and Section 102.15 of the Rules and Regulations of the National Labor Relations Board (the Board), and alleges that Clark Welding and Fabricating, whose correct name is AJNC Industries LLC d/b/a Clark Welding and Fabricating (Respondent), has violated the Act as described below.

       1.    (a)    The charge in this case was filed by the Union on September 18, 2020, and a copy was served on Respondent by U.S. mail on September 21, 2020.

            (b)    The amended charge in this case was filed by the Union on October 6, 2020, and a copy was served on Respondent by U.S. mail on the same date.

       2.    (a)    At all material times, Respondent has been a limited liability company with an office and place of business in Las Vegas, Nevada (Respondent's facility), and has been engaged in the business of boiler services, metal fabrication, and welding.

            (b)    During the 12-month period ending September 18, 2020, Respondent in conducting its operations described above in paragraph 2(a), purchased and received at Respondent's facility goods valued in excess of $50,000 directly from points outside the State of Nevada.

(c)     At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.

3.     At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

4.     At all material times, the following individuals held the position set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and/or agents of Respondent within the meaning of Section 2(13) of the Act:

| | | |
|---|---|---|
| Austin Clark | ---- | Owner |
| Coltin Clark | ---- | Owner |
| Mike Nilson | ---- | HVAC Supervisor |

5.     (a)     About September 10, 2020, Respondent, by Austin Clark and Coltin Clark, at Respondent's facility:

(1)     interrogated its employees about their union activities;

(2)     orally promulgated an overly-broad and discriminatory rule or directive prohibiting its employees from speaking about the Union or to Union representatives;

(3)     threatened its employees with job loss if they joined or supported the Union;

(4)     by telling employees they may lose their job if they joined the Union, informed its employees that it was futile for them to select the Union as their bargaining representative;

(5)     by asking its employees to present union pamphlets engaged in surveillance of employees' union activities; and

2

(6)      confiscated union literature from its employees.

6.      (a)      About September 7, 2020, Respondent reduced the hours of its employee Michael Ralls (Ralls).

(b)      About September 15, 2020, Respondent discharged its employee Ralls.

(c)      Respondent engaged in the conduct described above in paragraphs 6(a) and 6(b) because the named employee of Respondent assisted the Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

7.      By the conduct described above in paragraph 5, Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

8.      By the conduct described above in paragraph 6, Respondent has been discriminating in regard to the hire or tenure or terms or conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

9.      The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

As part of the remedy for the unfair labor practices alleged above in paragraphs 5 and 6, the Acting General Counsel seeks an Order requiring that at a meeting or meetings scheduled to ensure the widest possible attendance, Respondent's representatives Austin Clark and Coltin Clark to read the notice to the employees in English on worktime in the presence of a Board agent.  Alternatively, the Acting General Counsel seeks an order requiring that Respondent promptly

3

have a Board agent read the notice to employees during worktime in the presence of Respondent's

supervisors and agents identified above in paragraphs 4 and 5.

In order to fully remedy the unfair labor practices set forth above in paragraph 6,

the Acting General Counsel seeks that Respondent be required to submit the W-2 reflecting

backpay paid to the discriminatee to the Regional Director.  The Acting General Counsel further

seeks all other relief as may be just and proper to remedy the unfair labor practices alleged.

## ANSWER REQUIREMENT

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the

Board's Rules and Regulations, it must file an answer to the Complaint.  The answer must be

**received by this office on or before February 12, 2021, or postmarked on or before**

**February 11, 2021**.  Respondent also must serve a copy of the answer on each of the other

parties.

The answer must be filed electronically through the Agency's website.  To file

electronically, go to www.nlrb.gov, click on **E-File Documents,** enter the NLRB Case Number,

and follow the detailed instructions.  Responsibility for the receipt and usability of the answer

rests exclusively upon the sender.  Unless notification on the Agency's website informs users that

the Agency's E-Filing system is officially determined to be in technical failure because it is

unable to receive documents for a continuous period of more than 2 hours after 12:00 noon

(Eastern Time) on the due date for filing, a failure to timely file the answer will not be excused

on the basis that the transmission could not be accomplished because the Agency's website was

off-line or unavailable for some other reason.  The Board's Rules and Regulations require that an

answer be signed by counsel or non-attorney representative for represented parties or by the party

if not represented.  See Section 102.21.  If the answer being filed electronically is a pdf document

4

containing the required signature, no paper copies of the answer need to be transmitted to the

Regional Office.  However, if the electronic version of an answer to a complaint is not a pdf file

containing the required signature, then the E-filing rules require that such answer containing the

required signature continue to be submitted to the Regional Office by traditional means within

three (3) business days after the date of electronic filing.  Service of the answer on each of the

other parties must still be accomplished by means allowed under the Board's Rules and

Regulations.  The answer may not be filed by facsimile transmission.  If no answer is filed, or if

an answer is filed untimely, the Board may find, pursuant to a Motion for Default Judgment, that

the allegations in the complaint are true.

## NOTICE OF HEARING

**PLEASE TAKE NOTICE THAT** at **9:00 a.m. (local time)** on **April 6, 2021,**

and on consecutive days thereafter until concluded, at a location and by a means and method to

be determined, a hearing will be conducted before an administrative law judge of the National

Labor Relations Board.  At the hearing, Respondents and any other party to this proceeding have

the right to appear and present testimony regarding the allegations in this complaint.  The

procedures to be followed at the hearing are described in the attached Form NLRB-4668.  The

procedure to request a postponement of the hearing is described in the attached Form NLRB-

4338.

Dated at Phoenix, Arizona this 29th day of January, 2021.


*/s/ Cornele A. Overstreet*
Cornele A. Overstreet, Regional Director


Attachments

5

Form NLRB-4668
(6-2014)

# Procedures in NLRB Unfair Labor Practice Hearings

The attached complaint has scheduled a hearing that will be conducted by an administrative law judge (ALJ) of the National Labor Relations Board who will be an independent, impartial finder of facts and applicable law. **You may be represented at this hearing by an attorney or other representative.** If you are not currently represented by an attorney, and wish to have one represent you at the hearing, you should make such arrangements as soon as possible. A more complete description of the hearing process and the ALJ's role may be found at Sections 102.34, 102.35, and 102.45 of the Board's Rules and Regulations. The Board's Rules and regulations are available at the following link: www.nlrb.gov/sites/default/files/attachments/basic-page/node-1717/rules_and_regs_part_102.pdf.

The NLRB allows you to file certain documents electronically and you are encouraged to do so because it ensures that your government resources are used efficiently. To e-file go to the NLRB's website at www.nlrb.gov, click on "e-file documents," enter the 10-digit case number on the complaint (the first number if there is more than one), and follow the prompts. You will receive a confirmation number and an e-mail notification that the documents were successfully filed.

**Although this matter is set for trial, this does not mean that this matter cannot be resolved through a settlement agreement**. The NLRB recognizes that adjustments or settlements consistent with the policies of the National Labor Relations Act reduce government expenditures and promote amity in labor relations and encourages the parties to engage in settlement efforts.

## I.    BEFORE THE HEARING

The rules pertaining to the Board's pre-hearing procedures, including rules concerning filing an answer, requesting a postponement, filing other motions, and obtaining subpoenas to compel the attendance of witnesses and production of documents from other parties, may be found at Sections 102.20 through 102.32 of the Board's Rules and Regulations. In addition, you should be aware of the following:

- **Special Needs:** If you or any of the witnesses you wish to have testify at the hearing have special needs and require auxiliary aids to participate in the hearing, you should notify the Regional Director as soon as possible and request the necessary assistance. Assistance will be provided to persons who have handicaps falling within the provisions of Section 504 of the Rehabilitation Act of 1973, as amended, and 29 C.F.R. 100.603.

- **Pre-hearing Conference:** One or more weeks before the hearing, the ALJ may conduct a telephonic prehearing conference with the parties. During the conference, the ALJ will explore whether the case may be settled, discuss the issues to be litigated and any logistical issues related to the hearing, and attempt to resolve or narrow outstanding issues, such as disputes relating to subpoenaed witnesses and documents. This conference is usually not recorded, but during the hearing the ALJ or the parties sometimes refer to discussions at the pre-hearing conference. You do not have to wait until the prehearing conference to meet with the other parties to discuss settling this case or any other issues.

## II.    DURING THE HEARING

The rules pertaining to the Board's hearing procedures are found at Sections 102.34 through 102.43 of the Board's Rules and Regulations. Please note in particular the following:

- **Witnesses and Evidence**: At the hearing, you will have the right to call, examine, and cross-examine witnesses and to introduce into the record documents and other evidence.

- **Exhibits: Each exhibit offered in evidence must be provided in duplicate to the court reporter and a copy of each of each exhibit should be supplied to the ALJ and each party when the exhibit is offered in evidence.** If a copy of any exhibit is not available when the original is received, it will be the responsibility of the party offering such exhibit to submit the copy to the ALJ before the close of hearing. If a copy is not

(OVER)

Form NLRB-4668
(6-2014)

submitted, and the filing has not been waived by the ALJ, any ruling receiving the exhibit may be rescinded and the exhibit rejected.

- **Transcripts**:  An official court reporter will make the only official transcript of the proceedings, and all citations in briefs and arguments must refer to the official record. The Board will not certify any transcript other than the official transcript for use in any court litigation.  Proposed corrections of the transcript should be submitted, either by way of stipulation or motion, to the ALJ for approval.  Everything said at the hearing while the hearing is in session will be recorded by the official reporter unless the ALJ specifically directs off-the-record discussion.  If any party wishes to make off-the-record statements, a request to go off the record should be directed to the ALJ.

- **Oral Argument:**  You are entitled, on request, to a reasonable period of time at the close of the hearing for oral argument, which shall be included in the transcript of the hearing.  Alternatively, the ALJ may ask for oral argument if, at the close of the hearing, if it is believed that such argument would be beneficial to the understanding of the contentions of the parties and the factual issues involved.

- **Date for Filing Post-Hearing Brief**:  Before the hearing closes, you may request to file a written brief or proposed findings and conclusions, or both, with the ALJ.  The ALJ has the discretion to grant this request and to will set a deadline for filing, up to 35 days.

## III.    **AFTER THE HEARING**

The Rules pertaining to filing post-hearing briefs and the procedures after the ALJ issues a decision are found at Sections 102.42 through 102.48 of the Board's Rules and Regulations.  Please note in particular the following:

- **Extension of Time for Filing Brief with the ALJ:**  If you need an extension of time to file a post-hearing brief, you must follow Section 102.42 of the Board's Rules and Regulations, which requires you to file a request with the appropriate chief or associate chief administrative law judge, depending on where the trial occurred.  You must immediately serve a copy of any request for an extension of time on all other parties and furnish proof of that service with your request.  You are encouraged to seek the agreement of the other parties and state their positions in your request.

- **ALJ's Decision:**  In due course, the ALJ will prepare and file with the Board a decision in this matter.  Upon receipt of this decision, the Board will enter an order transferring the case to the Board and specifying when exceptions are due to the ALJ's decision.  The Board will serve copies of that order and the ALJ's decision on all parties.

- **Exceptions to the ALJ's Decision**:  The procedure to be followed with respect to appealing all or any part of the ALJ's decision (by filing exceptions with the Board), submitting briefs, requests for oral argument before the Board, and related matters is set forth in the Board's Rules and Regulations, particularly in Section 102.46 and following sections.  A summary of the more pertinent of these provisions will be provided to the parties with the order transferring the matter to the Board.

# PX 4 RESPONDENT'S ANSWER TO COMPLAINT AND NOTICE OF HEARING IN CASE 28-CA-266358

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 28

AJNC INDUSTRIES LLC d/b/a
CLARK WELDING AND FABRICATING

      And                      Case 28-CA-266358

5 STATE PIPE TRADES ASSOCIATION

## ANSWER

Respondent, AJNC INDUSTRIES LLC d/b/a CLARK WELDING AND FABRICATING (hereinafter "CWF"), by their undersigned attorney, for their Answer to the Complaint and Notice of Hearing (hereinafter "Complaint") filed by the Acting General Counsel of the National Labor Relations Board (hereinafter "NLRB"), states as follows:

## GENERAL DENIAL

Except as otherwise expressly stated herein, CWF denies each and every allegation contained in the Complaint, including without limitation any allegations in the preamble, headings, or subheadings of the Complaint, and CWF specifically denies that it violated the National Labor Relations Act (hereinafter "NLRA") in any manners alleged in the Complaint or otherwise. Pursuant to Section 102.20 of the Board's rules, averments in the Complaint to which no responsive pleading is required shall be deemed denied. CWF expressly reserves the right to seek to amend and/or supplement its Answer and Affirmative Defenses as may be necessary.

## DEFENSES

Without assuming any burden of proof, persuasion or production not otherwise legally assigned to it as to any element of the claims alleged in the Complaint, CWF asserts the following defenses:

1. The Complaint and each purported claim for relief stated therein fail to allege sufficient facts to state a claim upon which relief may be granted.

2. 5 STATE PIPE TRADES ASSOCIATION is not a proper entity, labor organization, recognized bargaining unit or representative with the right to represent anyone in this matter, thereby divesting the NLRB of jurisdiction.

3. The Complaint was unlawfully issued and has no legal viability as the General Counsel lacks the power to authorize complaints because the removal of Peter Robb was unlawful.

4. CWF had a no solicitation policy/rule in place to prevent interference in its workplace and job sites.

5. Despite claiming that the Amended Charge was properly served upon CWF and its counsel, no such Amended Charge was served or ever received by CWF or its counsel, all in violation of this tribunals' rules and requirements, thus violating CWF's Due Process rights.

6. The improperly named charging party threatened CWF in violation of the NLRA rules, regulations and procedures and such conduct must be taken into consideration in the event any award is sought or levied under this process.

7. There was an inadequate investigation and/or compliance with the case handling manual before bringing this Complaint.

8. To the extent this tribunal determines there was a violation, a matter denied by CWF, any award of backpay must be reduced to reflect only those hours that were available to an employee because of the workload at CWF.

9. Any statements by CWF that were made and herein asserted as violations were protected speech under the First Amendment and under Section 8 et. al. of the NLRA and are not admissible to show any violation of the NLRA.

10. CWF's decision to terminate employee Ralls was based on business factors that had also previously led to the termination of other employees prior to Mr. Ralls. In any event, ascribing an intent to CWF that it retaliated against its worker(s) for Union activity when it had already made the same decision to terminate other employees for the exact same reason, is not evidence of retaliation. Nevertheless, CWF would have made the same decision with respect to employee(s), even if it had not taken into consideration any alleged Union activity, which CWF denies.

## **RESPONSE TO SPECIFIC ALLEGATIONS OF THE COMPLAINT**

Incorporating the foregoing, CWF states as follows in response to the specific allegations of the Complaint:

Preamble: CWF denies the allegations contained in the preamble, except to admit that Clark Welding and Fabricating's is the dba for AJNC Industries LLC.

1.  (a) CWF admits a charge was filed against it on or about September 18, 2020 and thereafter served on CWF. CWF denies that the Union, as defined in the Complaint, is a proper party, labor organization, bargaining unit or representative.

    (b) CWF admits an Amended Charge was filed in this case on October 6, 2020, but denies that the charge was served on that same date or that it was ever properly served. CWF further denies that the Union, as defined in the Complaint, is a proper party, labor organization, bargaining unit, or representative.

2.  (a) CWF admits the allegations in paragraph 2(a) of the Complaint.

    (b) CWF is without sufficient information to admit or deny the allegations in this Paragraph and on that basis denies the allegations therein.

    (c) CWF admits the allegations in paragraph 2(c) of the Complaint.

3

3. CWF is without sufficient information to admit or deny the allegations in this Paragraph that 5 State Pipe Trades Association is labor organization within the meaning of Section 2(5) of the Act and therefore denies the allegations therein.

4. CWF admits the allegations in Paragraph 4 of the Complaint.

5. (a)(1) CWF denies the allegations in Paragraph 5(a)(1) of the Complaint.

(a)(2) CWF denies the allegations in Paragraph 5(a)(2) of the Complaint.

(a)(3) CWF denies the allegations in Paragraph 5(a)(3) of the Complaint.

(a)(4) CWF denies the allegations in Paragraph 5(a)(4) of the Complaint.

(a)(5) CWF denies the allegations in Paragraph 5(a)(5) of the Complaint.

(a)(6) CWF denies the allegations in Paragraph 5(a)(6) of the Complaint.

6. (a) CWF denies the allegations in Paragraph 6(a) of the Complaint.

(b) CWF admits the allegations in Paragraph 6(b) of the Complaint.

(c) CWF denies the allegations in Paragraph 6(c) of the Complaint.

7. CWF denies the allegations in Paragraph 7 of the Complaint.

8. CWF denies the allegations in Paragraph 8 of the Complaint.

9. CWF denies the allegations in Paragraph 9 of the Complaint.

As to the remaining requests for remedies enumerated after Paragraph 9 of the Complaint, CWF states that it does not allege facts for which an answer is required. However, to the extent that a response may be deemed necessary, CWF denies that the Acting General Counsel is entitled to the remedies requested, or that the Board can Order those remedies.

/ / /

/ / /

/ / /

/ / /

/ / /

CWF reserves the right to raise any additional defenses not asserted herein of which they may become aware through investigation, as may be appropriate at a later time.

Respectfully Submitted,

Dated: February 10, 2012

Jeffrey I. Pitegoff, Esq.
Pitegoff Law Office
7765 W. Rosada Way
Las Vegas, NV 89149
(702) 808-7976
jpitegoff@yandex.com
Attorney for CWF

5